IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRANDON JAMES ISOM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 11-4262-CV-C-NKL-P |
| ) | Crim. No. 09-04003-08-CR-C-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

Pending before the Court is Brandon James Isom's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies the motion.

**I.      Background**

On January 22, 2009, an indictment was returned charging Isom, and fifteen other defendants, with various counts involving a drug conspiracy for the distribution of crack cocaine and the conversion of powder cocaine into crack cocaine. On September 30, 2009, Isom pled guilty to one count of conspiracy to distribute more than fifty grams of crack cocaine and marijuana, one count of knowingly firing a weapon into a group of two or more persons, and one count of knowingly carrying and using a firearm for a crime of violence. Subsequent to his guilty plea, counsel for Isom filed a motion to withdraw as attorney and a motion to withdraw guilty plea.

On January 25, 2010, the Court denied Isom's motion to withdraw guilty plea and on April 9, 2010, the Court sentenced Isom to 242 months of imprisonment. On April 20, 2010, Isom appealed his sentencing. The Eighth Circuit dismissed the appeal on October 18, 2010, because Isom's plea agreement waived his right to appeal. On September 26, 2011, Isom timely filed, *pro se*, a motion seeking to set aside his conviction under 28 U.S.C. § 2255 based on three theories of ineffective assistance of counsel.

Isom claims that he received ineffective assistance of counsel for three reasons. First, Isom argues his attorney should have filed a motion to suppress evidence that was seized pursuant to a warrant issued without probable cause. Second, he should have argued for a sentence below the guideline range that was included in the presentence report under the authority of *United States v. Booker*, 543 U.S. 220 (2005). And he failed to present a valid legal argument to support Isom's motion to withdraw his guilty plea. Isom claims that because his counsel failed in these three ways he was wrongfully convicted and sentenced.

## II.     Discussion

### A.     Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States,* 78 F.3d 343, 347 (8th Cir.1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id.* Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show

2

that the movant is not entitled to relief. *See Bradshaw v. United States,* 153 F.3d 704, 708 (8th Cir.1998). After reviewing the records and files, the Court concludes that all three of Isom's claims can be fully and fairly evaluated on the existing record and that no evidentiary hearing is necessary.

**B.     Legal Standard**

While a Sixth Amendment claim for ineffective assistance of counsel may be raised under section 28 U.S.C. § 2255, "a movant faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Id.*

In order to prevail on a claim of ineffective assistance of counsel, Isom must prove that (1) his counsel's representation was deficient and (2) that deficiency prejudiced Isom's case. *Id.* To prove that counsel was deficient, Isom must show that his counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would have exhibited under similar circumstances." *Id.* (internal quotes omitted). To prove prejudice, Isom must demonstrate that his counsel's failure to exercise customary skills resulted in a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* (internal quotes omitted).

**C.     Motion to Suppress Evidence**

3

Isom argues that his counsel should have filed a pre-trial motion arguing that a warrant lacked probable cause and that evidence found under the warrant should be suppressed. Isom claims that under the standard in *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983), a neutral magistrate could not have found probable cause existed to issue a warrant because the informant had not provided past reliable tips and the information was not sufficiently detailed to prove its veracity.

Isom first argues that evidence was seized pursuant to a warrant which lacked probable cause and his attorney failed to file a motion to suppress the evidence. Because Isom pled guilty, Isom cannot show prejudice from this alleged deficiency unless he establishes a reasonable probability that he would not have pled guilty if his counsel had filed a successful motion to suppress. *See Premo v. Moore*, 131 S. Ct. 733, 743 (2011). Isom fails to specify what evidence would have been suppressed if the motion had succeeded, or how that suppression affected the charges against him and his ultimate decision to plead guilty. Isom merely concludes that the motion "might have succeeded" and that there is a reasonable probability that the outcome of the proceedings would have been different. [Doc. # 1 at 5]. However, even if the evidence from the warrant were thrown out, Isom has not argued that evidence from co-conspirator statements, testimony by drug users and witnesses, and a wiretap would also have been excluded. [Case No. 2:09-cr-04003-NKL; Doc. # 392]. Isom has failed to prove that suppression of the warrant would establish a reasonable probability that he would not have pled guilty in

4

light of the other evidence against him. Isom has thus failed to demonstrate prejudice and cannot establish a claim of ineffective assistance of counsel.

### D. Motion for a Sentence Below the Guideline Range

Isom claims that his counsel should have argued for a sentence below the guideline range under *United States v. Booker*, 543 U.S. 220 (2005). However, Isom has not shown that his counsel failed to argue for a sentence below the guideline range. First, Isom's counsel cited *Booker* in her sentencing memorandum and reminded the Court that the Sentencing Guidelines were advisory. [Case No.2:09-cr-04003-NKL; Doc. # 547 at 2]. Second, Isom's counsel argued that the Court had the authority to decline to apply the sentencing requirements and only sentence Isom to 100 months on each offense, which was lower then the suggested minimum of 240 months. Finally, Isom's counsel argued parts of her memorandum at the sentencing hearing, including arguing that Isom should receive a lesser sentence because he was a minor participant in the conspiracy. [Case No.2:09-cr-04003-NKL; Doc. # 547]. Therefore, Isom has failed to prove that his counsel did not argue for a sentence below the guidelines range, let alone that counsel's conduct was deficient. Furthermore, the transcript of the sentencing hearing shows that the Court was aware that the guidelines were advisory and clearly articulated its reasons for imposing a sentence of 242 months. For that additional reason, Isom has not shown prejudice.

### E. Withdrawal of Guilty Plea

Isom argues that his counsel failed to make a legitimate argument in Isom's motion to withdraw his guilty plea. Isom acknowledges that his counsel filed the motion, but claims that it was "factual and frivolous" and that his counsel should have argued that Isom's entry of a guilty plea was coerced by the ineffective assistance of his prior counsel. [Doc. # 1 at 8]. A guilty plea may be withdrawn after the plea is accepted, but before sentencing, if the defendant can show a "fair and just reason" for requesting the withdrawal. FED. R. CRIM. P. 11(d)(2)(B).

Isom has not proven that any deficiency in his counsel's legal argument would have been prejudicial. The Court considered Isom's argument that his counsel coerced him into pleading guilty when it considered Isom's motion to withdraw his guilty Plea. *United States v. Isom,* 2010 WL 386417 (W.D. Mo. 2010). The Court noted that Isom signed the plea agreement on September 30, 2009, agreeing he had received effective assistance, [Case No. 2:09-cr-04003-NKL; Doc. #381 at 17], and stated under oath that he was satisfied with counsel, [Case No. 2:09-cr-04003-NKL; Doc. #446 at 12]. *Id.* The Court then held that Isom's argument that he had been coerced by his attorney was not a "fair and just reason" for withdrawing his plea, stating that "when a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *Id. quoting United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992). Therefore, Isom cannot show prejudice and Isom's claim for ineffective assistance of counsel fails on this ground as well.

6

### III. Certificate of Appealability

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Isom has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

### IV. Conclusion

Accordingly, it is hereby ORDERED that Brandon James Isom's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED as to his three claims of ineffective assistance of counsel.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 29, 2012  
Jefferson City, Missouri