IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRANDON JAMES ISOM, | ) |
| Movant, | ) |
| | ) No. 2:11-CV-04262 -NKL |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER**

Before the Court is Brandon Isom's *pro se* motion for relief from judgment under Federal Rule of Civil Procedure ("Rule") 60(b)(6) [Doc. # 15], as well as Isom's motion for summary judgment on the same [Doc. # 24]. For the following reasons, both of Isom's motions are DENIED.

**I.     Background**

On February 29, 2012, the Court denied Isom's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and declined to issue a certificate of appealability. [Doc. # 9 at 7]. On March 9, 2012, Isom filed a Rule 59(e) motion to amend the Court's February 29, 2012 order [Doc. # 11], which the Court denied on May 1, 2012 [Doc. # 12]. Isom then filed this Rule 60(b)(6) motion seeking relief from the February 29, 2012 order, which proceeds on substantially the same grounds as those raised in Isom's motion to amend. *Compare* [Doc. # 15], *with* [Doc. # 11].

**II.    Discussion**

1

"A movant seeking relief under Rule 60(b)(6) [is required] to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007) ("Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances."); *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999) ("Relief under Rule 60(b) is an extraordinary remedy, . . . since exceptional circumstances must exist to justify intrusion into the sanctity of a final judgment." (quotation and citation omitted)).

Isom does not present any extraordinary circumstances in support of his Rule 60(b)(6) motion. Isom first argues that the Court applied the incorrect legal standard in ruling on Isom's ineffective assistance of counsel claims. The Court considered and rejected this argument when it denied Isom's Rule 59(e) motion. [Doc. # 12]. Rule 60(b)(6) is not a means for parties to re-litigate arguments previously made and properly rejected. *See Watkins*, 169 F.3d at 545 (noting that revisiting prior findings absent exceptional circumstances would make Rule 60(b)(6) "nothing more than an end-run around the entire judicial process").

Isom also argues that the Court failed to issue or deny a certificate of appealability. But the Court's February 29, 2012 order explicitly discussed this issue and declined to issue such a certificate. [Doc. # 9 at 7]. In fact, Isom challenged the Court's decision to deny a certificate of appealability in his Rule 59(e) motion. [Doc. # 11].

Finally, Isom argues that the Court failed to provide an individualized assessment for each claim of his ineffective assistance claims. But this claim is flatly contradicted by

2

the Court's February 29, 2012 order. That order evaluated each of Isom's three claims of ineffective assistance under different headings and with specific and individualized analysis. *See* [Doc. # 9 at 3-6].

Accordingly, none of Isom's three grounds present exceptional circumstances that might entitle Isom to relief under Rule 60(b)(6).

## III. Conclusion

For the foregoing reasons, Isom's motion for relief from judgment under Rule 60(b)(6) [Doc. # 15], as well as Isom's motion for summary judgment on the same [Doc. # 24], are DENIED. The United States' motion for extension of time to respond to Isom's motion for summary judgment, [Doc. # 25], is DENIED as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 2, 2012
Jefferson City, Missouri